Case 8:23-cv-02200-MSS-TGW   Document 18   Filed 09/28/23   Page 1 of 6 PageID 426

United States District Court
Southern District of Texas
**ENTERED**
September 28, 2023
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| COLEMAN POLLOCK, | § § § § | |
| Plaintiff, | § | |
| v. | § § | CIVIL ACTION NO. H-23-1252 |
| PROTECT MY CAR ADMIN SERVICES, INC., | § § § § | |
| Defendant. | § § § | |

**MEMORANDUM AND ORDER**

Coleman Pollock sued Protect My Car Admin Services (PMCAS), alleging violations of the federal Telephone Consumer Protection Act and the Texas Business & Commerce Code, and asserting a state-law claim of intrusion upon seclusion. (Docket Entry No. 1 at 1). Pollock alleged that although he registered his telephone number on the National Do Not Call Registry, he was repeatedly called by PMCAS. (*Id.* at 7–8). PMCAS moved to compel arbitration of Pollock's claims and, alternatively, to dismiss for lack of personal jurisdiction. (Docket Entry No. 15 at 9). Pollock responded, arguing that the court has personal jurisdiction over PMCAS and asking the court in the alternative to transfer the case to the United States District Court for the Middle District of Florida, where PMCAS is located. (Docket Entry No. 16 at 18).

Based on the parties' briefing, the record, and the relevant law, the court finds that it lacks personal jurisdiction and transfers this case to the Middle District of Florida. Because the court lacks personal jurisdiction over PMCAS, the motion to compel arbitration is not addressed. The reasons are set out below.

### I. The Legal Standard for Dismissal

A federal court may exercise personal jurisdiction over a nonresident defendant if the long-arm statute of the forum state confers personal jurisdiction over that defendant and exercising jurisdiction is consistent with due process. *McFadin v. Gerber*, 587 F.3d 753, 759 (5th Cir. 2009); *see Delgado v. Reef Resort Ltd.*, 364 F.3d 642, 644 (5th Cir. 2004). Because the Texas long-arm statute confers jurisdiction to the limits of due process, "the two-step inquiry collapses into one federal due process analysis." *Johnston v. Multidata Sys. Int'l Corp.*, 523 F.3d 602, 609 (5th Cir. 2008).

Federal due process permits personal jurisdiction over a nonresident defendant with "minimum contacts" with the forum state, subject to the limit of not offending "traditional notions of fair play and substantial justice." *Id.* Under Rule 12(b)(2), "[w]hen the district court rules on a motion to dismiss for lack of personal jurisdiction 'without an evidentiary hearing, the plaintiff may bear his burden by presenting a prima facie case that personal jurisdiction is proper.'" *Quick Techs., Inc. v. Sage Grp. PLC*, 313 F.3d 338, 343 (5th Cir. 2002) (quoting *Wilson v. Belin*, 20 F.3d 644, 648 (5th Cir. 1994)). "Proof by a preponderance of the evidence is not required." *Johnston*, 523 F.3d at 609 (citing *Bullion v. Gillespie*, 895 F.2d 213, 217 (5th Cir. 1990)). "[U]ncontroverted allegations in the plaintiff's complaint must be taken as true, and conflicts between the facts contained in the parties' affidavits must be resolved in the plaintiff's favor for purposes of determining whether a prima facie case for personal jurisdiction exists." *Id.* (internal quotations omitted). But the district court is not required "to credit conclusory allegations, even if uncontroverted." *Panda Brandywine Corp. v. Potomac Elec. Power Co.*, 253 F.3d 865, 869 (5th Cir. 2001).

The "minimum contacts" aspect of the analysis can be established through "contacts that give rise to 'specific' personal jurisdiction and those that give rise to 'general' personal jurisdiction." *Wilson,* 20 F.3d at 647. A court may exercise specific jurisdiction when the "nonresident defendant's contacts with the forum state arise from, or are directly related to, the cause of action." *Gundle Lining Const. Corp. v. Adams County Asphalt, Inc.*, 85 F.3d 201, 205 (5th Cir. 1996) (citing *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 n. 8, (1984)). To determine whether specific jurisdiction exists, a court must "examine the relationship among the defendant, the forum, and the litigation to determine whether maintaining the suit offends traditional notions of fair play and substantial justice." *Gundle Lining Const.*, 85 F.3d at 205 (citing *Shaffer v. Heitner*, 433 U.S. 186, 204 (1977)). Even a single contact can support specific jurisdiction if the defendant "purposefully avails itself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985). "The non-resident's 'purposeful availment' must be such that the defendant 'should reasonably anticipate being haled into court' in the forum state." *Ruston Gas Turbines, Inc. v. Donaldson Co., Inc.*, 9 F.3d 415, 419 (5th Cir. 1993) (citing *World–Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980)).

**II.   Analysis**

PMCAS and Pollock agree that PMCAS called Pollock's phone, that Pollock resided in Texas at the time, and that PMCAS had information to suggest that Pollock resided in Georgia, including his phone's area code. (Docket Entry Nos. 1, 16, 17). The parties agree that "general jurisdiction [over PMCAS] does not exist." (Docket Entry No. 16 at 16). Pollock asserts that specific jurisdiction exists because PMCAS "placed calls to Pollock in Texas on his cell phone." (Docket Entry No. 16 at 17). PMCAS argues that it never placed calls to Pollock, and asserts that

even if it had done so, the record shows a lack of personal jurisdiction. (Docket Entry No. 17 at 2).

Pollock points to *Thomas v. Life Protect 24/7 Inc.*, 559 F. Supp. 3d 554, 561 (S.D. Tex. 2021), in which the court held that "*wherever* it reaches a consumer with a robocall, [a telemarketer calling numbers at random] has purposefully availed itself of that state's laws." *Id.* at 568. However, that same court went on to explain that "this isn't to say a person carrying around a cell phone necessarily carries with it personal jurisdiction over any business that might call that line wherever the phone might be located at the time. For instance, a business calling the (713) area code with the expectation of reaching someone in Houston won't necessarily be subject to personal jurisdiction in Oklahoma City if the person receiving the call happened to travel there with his or her cell phone that day." *Id.*

Other courts examining jurisdiction based on phone calls have looked to the location of the telephone area code of the number the defendant dialed to help determine whether the defendant purposefully availed itself of the privilege of doing business in that location. For example, the court in *Cantu v. Platinum Mktg. Grp., LLC*, No. 1:14-CV-71, 2015 WL 13912331, at *3–*4 (S.D. Tex. July 13, 2015), held that the plaintiff's Texas area code weighed toward finding purposeful availment, but was insufficient in itself to find purposeful availment in Texas. *See also Luna v. Shac, LLC*, No. 14-CV-00607, 2014 WL 3421514, at *4 (N.D. Cal. July 14, 2014) (collecting cases). Although these courts differ as to whether calls to a Texas area code alone would be sufficient to establish specific jurisdiction in Texas, it is evident that calls to a non-Texas area code would not show purposeful availment and would not be enough for specific jurisdiction in Texas.

Pollock's area code is "229[,]" located in Georgia. (Docket Entry No. 16-1 at 1). Pollock acknowledges that PMCAS's information incorrectly showed that he relied in "Valdosta,

4

Georgia[.]" (Docket Entry No. 16 at 15). Pollock relies solely on the phone calls that reached him on his Georgia-area-code telephone number while he was in Texas. Although it is true that PMCAS was "engaging in intentional conduct (the placement of outbound calls), which by its very nature would manifest effects beyond the borders of Florida," (Docket Entry No. 16 at 17–18), there is no evidence that PMCAS targeted Texas phone numbers, that PMCAS had any basis for believing that the telephone associated with that number would be located in Texas, and that PMCAS had no reason to "reasonably anticipate being haled into court" in Texas. *World–Wide Volkswagen Corp.*, 444 U.S. at 297.

Pollock asks that if the court finds a lack of personal jurisdiction, that "this matter be transferred to the United States District Court for the Middle District of Florida, rather than dismiss the matter." (Docket Entry No. 16 at 18). PMCAS's principal place of business is in St. Petersburg, Florida, (Docket Entry No. 1 at 2), located in the Middle District of Florida. PMCAS did not respond to this request in their reply.

"Where a court finds it lacks personal jurisdiction, it may dismiss the action pursuant to Federal Rule of Civil Procedure 12(b)(2). In the alternative, a federal court is authorized under 28 U.S.C. § 1406(a) to transfer the action to any district or division in which it could have been brought if the court finds that it is in the interest of justice to transfer the action." *Herman v. Cataphora, Inc.*, 730 F.3d 460, 466 (5th Cir. 2013). "The decision to transfer is discretionary, and often made to prevent waste of time, energy, and money, and to protect litigants, witnesses, and the public against unnecessary inconvenience and expense." *Springboards to Ed., Inc. v. Hamilton Cnty. Read 20*, No. 3:16-CV-2509, 2017 WL 3023489, at *5–6 (N.D. Tex. July 14, 2017) (internal quotations omitted). This court finds that the interests of justice favor transfer rather than dismissal, in order to "minimize the expenditure of any additional time, energy, and money in

resolving this case." *Nye Renewables, LLC v. Oak Creek Energy Sys., Inc.*, No. 2:23-CV-00009, 2023 WL 3903190, at *12 (S.D. Tex. May 25, 2023).

PMCAS's motion to dismiss, (Docket Entry No. 15), is granted in part. Because this court lacks personal jurisdiction, it does not reach the issue of arbitration. This case is transferred to the United States District Court for the Middle District of Florida.

SIGNED on September 28, 2023, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge